# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AMCO INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3330 |
| | ) | |
| SWAGAT GROUP, LLC, d/b/a | ) | |
| COMFORT INN OF LINCOLN, | ) | |
| CHOICE HOTELS | ) | |
| INTERNATIONAL, VASANT | ) | |
| PATEL, MARJORIE BRAUCHER, | ) | |
| and BONNIE E. LEISER, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff AMCO Insurance Company's Motion for Judgment on the Pleadings (d/e 20) (Motion). Defendants Swagat Group, LLC and Vasant Patel filed a Response to AMCO Insurance Company's Motion for Judgment on the Pleadings (d/e 28) (Swagat and Vasant Response) and Defendants Marjorie Braucher and Bonnie Leiser filed a separate Response to AMCO's Motion for Judgment on the Pleadings (d/e 32) (Braucher and Leiser Response).  Defendant

1

Choice Hotels did not file a Response.  For the reasons stated below, the Motion is allowed in part and denied in part.  The Court enters judgment on the pleadings in favor of AMCO and against Choice Hotels and Patel, but it denies AMCO's request for judgment against Swagat Group, Marjorie Braucher, and Bonnie Leiser.

FACTS

This is a declaratory judgment action regarding insurance coverage for two underlying lawsuits in which hotel guests allegedly contracted Legionnaire's disease after staying at the Comfort Inn of Lincoln, Illinois, d/b/a the Best Western of Lincoln, Illinois (the Hotel).  Defendants Swagat Group, LLC, Choice Hotels International, and Vasant Patel were owners and operators of the Hotel.  Plaintiff AMCO Insurance Co. issued an insurance policy to Swagat Group covering the period at issue.  Defendants Marjorie Braucher and Bonnie E. Leiser are the plaintiffs in the underlying lawsuits.

AMCO has moved now for judgment on the pleadings under Rule 12(c).  In deciding a Rule 12(c) motion, the Court may consider all pleadings, including a complaint, answers to the complaint, and attached exhibits.  Fed. R. Civ. P. 12(c); N. Indiana Gun & Outdoor Shows, Inc. v.

City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). The Court must accept as true all of the non-movants' well-pleaded factual allegations and draw all inferences in the light most favorable to them. Thomas v. Guardsmark, Inc., 381 F.3d 701, 704 (7th Cir. 2004).

In the underlying lawsuits here, Marjorie Braucher and Bonnie E. Leiser allege that the swimming pool and hot tub at the Hotel were infested with Legionella bacteria. See, e.g., Braucher v. Swagat Group, LLC, et al., Cent. Dist. Ill. Case No. 07-3253, Second Amended Complaint at Law (d/e 64), ¶ 14; Leiser v. Swagat Group, LLC, et al., Cent. Dist. Ill. Case No. 07-3254, Second Amended Complaint at Law (d/e 69), ¶ 16. Marjorie Braucher alleges that from February 11, 2006 to February 13, 2006, Georgia Braucher, a member of her family, stayed at the Hotel and came within the vicinity of the pool and hot tub. From contact with the Legionella bacteria, she alleges, Georgia Braucher contracted Legionnaire's disease and died. Bonnie Leiser's allegations are similar. She alleges that on January 14, 2006, she stayed at the Hotel and used the pool and hot tub. From her contact with the Legionella bacteria, she alleges, she contracted Legionnaire's disease and sustained permanent injuries and damages. In their underlying suits, both Marjorie Braucher and Bonnie Leiser have

3

alleged numerous claims against Swagat Group, LLC, Choice Hotels International, Vasant Patel, and various employees and agents of the Hotel. All of the claims arise from the contraction of Legionnaire's disease from contact with the allegedly Legionella-infected pool and hot tub.

In the instant Complaint (d/e 1), AMCO alleges that it issued Swagat Group two policies of insurance for the period between February 21, 2005 and February 21, 2006: an umbrella policy and a general liability policy. Swagat's policies may cover Choice Hotels International and Patel as well. AMCO attached purported copies of these policies to its Complaint as Exhibits A and B. The copy of the umbrella policy AMCO submitted includes a specific provision excluding from coverage:

> Any liability which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

Complaint, Exhibit A, Umbrella Policy, at 24. Similarly, the copy of the general liability policy AMCO submitted provides:

> This insurance, including any duty we have to defend "suits", does not apply to:

4

Fungi or Bacteria

a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for:

1) The actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents; or

2) The failure to warn or to disclose the presence of "fungi" or bacteria;

regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

Complaint, Exhibit B, General Liability Policy, at page 46 of d/e 1-4. AMCO also quoted these sections as provisions of "[t]he aforesaid AMCO primary and umbrella policies" in its Complaint at paragraph 13.

All of the Defendants filed Answers to AMCO's Complaint. In paragraph 2 on page 2 of its Complaint, AMCO alleges that Exhibits A and B are true and correct copies of the insurance policies.[1] In Choice Hotels' Answer, it claims to lack sufficient knowledge to say whether the copies AMCO submitted as Exhibits A and B are in fact true and correct copies of

---

[1]The Complaint contains two paragraphs labeled "2." See Complaint, at 1-2. To distinguish the first paragraph "2" from the second, the Court notes the page on which each is to be found.

5

its policies.  <u>Answer to Plaintiff's Complaint (d/e 6)</u>, ¶ 2[4].  Choice Hotels does admit, however, that the quoted sections are included in the insurance policies.  <u>Id.</u>, ¶13[15].

Swagat Group and Patel filed a joint Answer, but in their responses to particular allegations, they distinguish their responses.  In paragraph 2 of the joint Answer, Swagat Group admits that AMCO issued it two insurance policies, but it claims to lack sufficient knowledge to say whether the copies AMCO submitted as Exhibits A and B are true and correct copies of its policies.  <u>Answer of Defendants Swagat Group, LLC and Vasant Patel (d/e 5)</u>, ¶ 2 at page 2.  Regarding the quoted sections, Swagat Group admits only that they are accurate quotes from Exhibits A and B.  It contends, however, that "when it requested liability coverage and purchased the primary and umbrella Policies from Plaintiff through its agent, Wind Insurance Agency, Inc., it had requested full liability coverage, with the only exception to have been for acts of terrorism."  <u>Id.</u>, ¶ 13.  Moreover, it contends that it "was under the belief that said Policies, when issued, did not contain any of the exclusionary language as alleged by Plaintiff."  <u>Id.</u>

Patel failed to answer the paragraph of AMCO's Complaint alleging that Exhibits A and B are true and correct copies of the insurance policies

6

at issue.  Answer of Defendants Swagat Group, LLC and Vasant Patel, ¶ 2 at page 2.  Under Federal Rule of Civil Procedure 8(b)(6), "an allegation -- other than one relating to the amount of damages -- is admitted if a responsive pleading is required and the allegation is not denied."  See also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 521 (1993) ("A defendant whose answer fails to contest critical averments in the complaint will, on motion, suffer a judgment on the pleadings . . . .").  Thus, Patel is deemed to have admitted that Exhibits A and B are true and correct copies of the policies.  Regarding the specific quoted language, Patel answered only that he lacked sufficient knowledge to form a belief regarding whether the policies contain this language.  Answer of Defendants Swagat Group, LLC and Vasant Patel, ¶ 13.

Defendants Braucher and Leiser also filed a joint Answer.  They also claim to lack sufficient knowledge to say whether the documents AMCO submitted as Exhibits A and B are in fact true and correct copies of the policies at issue.  Defendants' Answer to AMCO Insurance Company's Complaint for Declaratory Judgment and Other Relief (d/e 15), ¶ 2 at page 2. Similarly, they disclaim sufficient knowledge to concede or deny whether the policies contain the quoted language.  Id., ¶13.

7

## ANALYSIS

AMCO contends that it is entitled to judgment on the pleadings because the policies' exclusions for bacteria-related liability, quoted above, apply here, and therefore it has no duty to defend in the underlying lawsuits. Judgment on the pleadings is appropriate if undisputed facts appearing in a pleading clearly entitle the moving party to judgment as a matter of law. Flora v. Home Fed. Sav. and Loan Ass'n, 685 F.2d 209, 211 (7th Cir. 1982). A motion for judgment on the pleadings is only appropriate when there are no material allegations of fact in dispute and only questions of law remain. Id. A plaintiff may not win judgment on the pleadings when a defendant's pleadings raise issues of fact that would defeat recovery if proven. Friedman v. Washburn Co., 145 F.2d 715, 717-18 (7th Cir. 1944). A moving party must establish that no material issues of fact exist and that judgment on the pleadings is warranted by law. Flora, 685 F.2d at 211.

"[I]n determining whether an insurer has a duty to defend its insured, the court must look to the allegations in the underlying complaint and compare these allegations to the relevant coverage provisions of the insurance policy." Crum and Forster Managers Corp. v. Resolution Trust Corp., 620 N.E.2d 1073, 1079 (Ill. 1993). An insurer must defend its

insured where the facts alleged in the underlying complaint potentially fall within the policy's coverage provisions.  Id.  An insurer may refuse to defend an insured where "it is clear from the face of the underlying complaint that the allegations fail to state facts which bring the cause within or potentially within coverage." Cincinnati Ins. Co. v. Am. Hardware Mfrs. Ass'n, 898 N.E.2d 216, 236 (Ill.App. 1st Dist. 2008).  An insurer may rely on an exclusionary provision to deny coverage, but "it must be clear and free from doubt that the policy's exclusion prevents coverage."  Id.

Here, if the quoted exclusions regarding bacteria-related liability are set forth in Swagat's insurance policies, the policies clearly exclude coverage for the underlying lawsuits.[2] All of the claims in both underlying suits allege that guests of the Hotel suffered injuries after coming in contact with bacteria on the Hotel premises.  The quoted bacteria exclusions encompass such liability.  Choice Hotels has admitted that the Swagat policies contain these exclusions, and Patel is deemed to have admitted that Exhibits A and B, which contain the exclusions, are true and accurate copies of the Swagat

---

[2]AMCO argues that other exclusions in the policies -- such as those regarding pollution and professional services -- also exclude coverage for the underlying lawsuits. Because the Court finds that the bacteria exclusions so clearly apply, however, it need not address AMCO's additional arguments.

policies.  Thus, no material allegation of fact is in dispute between these parties.  AMCO is entitled to judgment on the pleadings against Choice Hotels and Patel.

Swagat, Marjorie Braucher, and Bonnie Leiser have not conceded that the Swagat policies contain the bacteria exclusions, or any other applicable exclusions, however.  In fact, Swagat specifically alleges that the only exclusions in its policies related to terrorism.  A material allegation of fact remains in dispute between these parties.  Thus, AMCO is not entitled to judgment on the pleadings against Swagat, Marjorie Braucher, and Bonnie Leiser.

THEREFORE, Plaintiff AMCO Insurance Company's Motion for Judgment on the Pleadings (d/e 20) is ALLOWED in part and DENIED in part.  It is allowed to the extent that judgment on the pleadings is entered in favor of AMCO Insurance Company and against Choice Hotels International and Vasant Patel.  It is denied to the extent that the Court declines to enter judgment on the pleadings against Swagat Group LLC, Marjorie Braucher, and Bonnie E. Leiser.  This case is referred to Magistrate Charles H. Evans for scheduling.

IT IS THEREFORE SO ORDERED.

ENTER:   February 9, 2009

FOR THE COURT:

s/ Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE
