IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AMCO INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-3330 |
| | ) | |
| SWAGAT GROUP, LLC, d/b/a | ) | |
| COMFORT INN OF LINCOLN, et al, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff Amco Insurance Company's Motion for Summary Judgment Based Upon the Fungi or Bacterial Exclusion (d/e 49) (Motion for Summary Judgment). In the instant case, Amco seeks a declaratory judgment that it does not owe a defense or indemnification for claims asserted by Defendants Marjorie Braucher and Bonnie Leiser against Amco's insured, Defendant Swagat Group LLC. In an Opinion (d/e 34), dated February 9, 2009, this Court granted judgment on the pleadings in favor of Amco against Defendants Choice Hotels International and Vasant Patel. Amco now asks the Court

1

to enter summary judgment in its favor against the three remaining Defendants, Swagat Group, Braucher, and Leiser. Braucher and Leiser filed a joint response opposing Amco's Motion. <u>Defendants', Marjorie Braucher and Bonnie Leiser, Response to Amco's Motion for Summary Judgment (d/e 47) (Braucher and Leiser Response)</u>. Swagat Group has also filed a response opposing summary judgment <u>Defendant Swagat's Response to Amco's Motion for Summary Judgment (d/e 50) (Swagat Group Response)</u>. For the reasons set forth below, the Motion for Summary Judgment is allowed.

## BACKGROUND

Swagat Group, Choice Hotels International, and Vasant Patel were owners and operators of the Comfort Inn of Lincoln, Illinois, d/b/a the Best Western of Lincoln, Illinois (the Hotel). Amco insured Swagat under a Commercial General Liability Policy, No. ACP BPM 7101708089, and an Umbrella Liability Policy, No. ACP CAA 7101708089, (collectively, the Swagat Policies) for the period from February 21, 2005, to February 21, 2006. The instant declaratory judgment action relates to underlying lawsuits filed by Braucher and Leiser, which allege that the swimming pool and hot tub at the Hotel were infested with Legionella bacteria. See, e.g., <u>Braucher v. Swagat Group, LLC, et al.</u>, Cent. Dist. Ill. Case No. 07-3253,

2

Second Amended Complaint at Law (d/e 64), ¶ 14; Leiser v. Swagat Group, LLC, et al., Cent. Dist. Ill. Case No. 07- 3254, Second Amended Complaint at Law (d/e 69), ¶ 16.  Braucher alleges that from February 11, 2006, to February 13, 2006, Georgia Braucher, a member of her family, stayed at the Hotel and came within the vicinity of the pool and hot tub.  From contact with the Legionella bacteria, she alleges, Georgia Braucher contracted Legionnaire's disease and died.  Leiser alleges that, on January 14, 2006, she stayed at the Hotel, used the pool and hot tub, and came into contact with the Legionella bacteria.  Leiser alleges that, as a result of her contact with the Legionella bacteria, she contracted Legionnaire's disease and sustained permanent injuries and damages.

Amco filed the instant action in December 2007, asserting that the claims alleged in the Braucher and Leiser lawsuits were outside the scope of coverage of the Swagat Policies.  After all Defendants answered the Complaint (d/e 1), Amco filed a Motion for Judgment on the Pleadings (d/e 20), arguing that several expressly identified policy exclusions excluded the Braucher and Leiser lawsuits from coverage.  Among other arguments, Amco asserted that coverage was excluded under the fungi or bacteria exclusions in the Swagat Policies.  According to Amco, the General Liability Policy

3

included the following exclusion:

> This insurance, including any duty we have to defend "suits", does not apply to:
>
> Fungi or Bacteria
>
> a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for:
>
>> 1) The actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents; or
>>
>> 2) The failure to warn or to disclose the presence of "fungi" or bacteria;
>
> regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

Complaint, Exhibit B.2, General Liability Policy, at page 46 of d/e 1-3.

According to Amco, the Umbrella Liability Policy contained the following exclusion:

> Any liability which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

Complaint, Exhibit A, Umbrella Liability Policy, at page 24 of d/e 1-1.

4

In ruling on the Motion for Judgment on the Pleadings, the Court determined that "if the quoted exclusions regarding bacteria-related liability are set forth in Swagat's insurance policies, the policies clearly exclude coverage for the underlying lawsuits." Opinion (d/e 34), dated February 9, 2009, p. 9. The Court held as follows: "All of the claims in both underlying suits allege that guests of the Hotel suffered injuries after coming in contact with bacteria on the Hotel premises. The quoted bacteria exclusions encompass such liability." Id. The Court granted judgment on the pleadings in favor of Amco against Defendants Choice Hotels International and Vasant Patel because both Choice Hotels and Patel admitted that the Swagat Policies contained the exclusions as quoted above. However, the Court denied Amco's request for judgment on the pleadings as it related to Swagat Group, Braucher, and Leiser. Because these Defendants had not conceded that the Swagat Policies contained the bacteria exclusions or any other applicable exclusions, the Court held that a material allegation of fact remained in dispute between Amco and these Defendants, precluding judgment on the pleadings.

Subsequent to the ruling on the Motion for Judgment on the Pleadings, Amco filed an Amended Complaint (d/e 37), which included as

exhibits certified copies of the Swagat Policies. These exhibits contained the fungi or bacteria exclusions set forth above. Swagat Group answered the Amended Complaint on April 28, 2009. Answer by Defendant Swagat Group LLC (d/e 38). In its Answer, Swagat Group admitted that the certified copies of the Swagat Policies were true and accurate copies of the Policies that Amco had issued to Swagat Group. Amended Complaint, ¶ 4; Answer by Defendant Swagat Group LLC (d/e 38), ¶ 4. Braucher and Leiser answered the Amended Complaint on May 4, 2009. Answer by Defendant Bonnie E. Leiser (d/e 39).[1] Braucher and Leiser also admitted that the certified copies of the Swagat Policies were true and accurate copies of the Policies that Amco had issued to Swagat Group. Id., ¶ 4.

Amco's Motion for Summary Judgment contains a statement of undisputed material facts as required by Local Rule 7.1(D)(1)(b). The Responses filed by Swagat Group, Braucher, and Leiser do not dispute any of Amco's proffered undisputed material facts, and thus, the Court deems them admitted. According to Amco's Undisputed Material Fact No. 5, the Swagat Policies contain the fungi or bacteria exclusions set forth above.

---

[1] Although d/e 39 is electronically docketed only as Leiser's Answer, it is clearly a joint Answer on its face.

Defendants present the deposition of Himanshu Desai as evidence of the circumstances surrounding the procurement of the Swagat Policies. Braucher and Leiser Response, Ex. 1, Deposition of Himanshu Desai. Desai, Vijay Patel, and Vasant Patel, are the members of Swagat Group. Desai testified that he spoke with Roger Wind, owner of the Wind Insurance Agency, by phone regarding the insurance coverage and told Wind that he wanted full coverage, i.e. everything covered. Id., p. 78. At his deposition, Desai characterized full coverage as coverage "for anything and everything that could happen on the property." Id. Desai stated that Vasant Patel also dealt with Wind in procuring the Swagat Policies. Desai also testified that, at some point, Wind told him that the insurance included an exclusion for terrorism, but did not mention that the property was not being covered for claims based on fungi or bacteria. Id., p. 82-83. Desai testified that he did not read the Swagat Policies, or look at the declarations in any detail. Id., p. 85. Desai stated that he trusted Wind's assurances that the insurance would provide full coverage. Id.

According to Desai, after the initial term from February 2005, to February 2006, Swagat renewed the general and umbrella polices with the same coverage for two subsequent one-year terms from February 2006, to

7

February 2008.  Braucher and Leiser Response, Ex. 1, Deposition of Himanshu Desai, p. 38.  Desai admitted that Swagat Group became aware of the exclusions in the 2005 – 2006 Swagat Policies when Swagat Group received a letter, dated May 4, 2006, from Amco's claims' handling service.  Id., p. 39-44.  Desai testified that Swagat Group did not review its insurance coverage after receiving the May 4, 2006, letter.  Id., p. 44.

## ANALYSIS

Amco argues that it is entitled to summary judgment against Swagat Group, Braucher, and Leiser because the fungi or bacteria exclusions in the Swagat Policies exclude coverage for the Braucher and Leiser lawsuits, and, therefore, it has no duty to defend the underlying lawsuits.  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  A fact is material if it could affect the outcome of the suit under the applicable law, and a dispute is genuine where the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In ruling on a motion for summary judgment, the Court may not

weigh the evidence, but must determine whether there is a genuine issue of material fact that warrants trial. Id. at 249. In making this determination, the Court must view the evidence in the light most favorable to the nonmoving parties, here Swagat Group, Braucher, and Leiser, and must draw all reasonable inferences in favor of these Defendants. See id. at 255.

"An insurance policy is a contract and must be interpreted in accordance with the rules of contract construction." Smagala v. Owen, 717 N.E.2d 491, 495 (Ill.App. 1st Dist. 1999). As this Court noted in its opinion on the Motion for Judgment of the Pleadings, "in determining whether an insurer has a duty to defend its insured, the court must look to the allegations in the underlying complaint and compare these allegations to the relevant coverage provisions of the insurance policy." Crum and Forster Managers Corp. v. Resolution Trust Corp., 620 N.E.2d 1073, 1079 (Ill. 1993). An insurer must defend its insured where the facts alleged in the underlying complaint potentially fall within the policy's coverage provisions. Id. An insurer may refuse to defend an insured where "it is clear from the face of the underlying complaint that the allegations fail to state facts which bring the cause within or potentially within coverage." Cincinnati Ins. Co. v. Am. Hardware Mfrs. Ass'n, 898 N.E.2d 216, 236 (Ill.App. 1st Dist. 2008).

9

An insurer may rely on an exclusionary provision to deny coverage, but "it must be clear and free from doubt that the policy's exclusion prevents coverage." Id.

As the Court found in ruling on the Motion for Judgment on the Pleadings, all of the claims in the Braucher and Leiser lawsuits allege that guests of the Hotel suffered injuries after coming in contact with bacteria on the Hotel premises. Opinion, dated February 9, 2009, p. 9. The Court has also determined that the quoted bacteria exclusions encompass this type of liability. Id. Swagat admits, in its Answer to the Amended Complaint and at summary judgment, that the Swagat Policies contain the fungi or bacteria exclusions as set forth above. Similarly, Braucher and Leiser admit, in their joint Answer to the Amended Complaint and at summary judgment, that the Swagat Policies contain the fungi or bacteria exclusions as set forth above. Therefore, the undisputed facts show that the Swagat Policies expressly exclude coverage for the Braucher and Leiser lawsuits.[2]

Swagat Group contends that equitable estoppel nevertheless precludes

---

[2] Braucher and Leiser assert that the fungi or bacteria exclusion does not apply in cases in which the fungi or bacteria results from negligence by the property owner. However, the Court has already determined that the fungi/bacteria exclusions clearly encompass the claims alleged in the Braucher and Leiser lawsuits. Nothing presented at summary judgment alters this determination.

summary judgment and that it is entitled to reformation of the insurance contracts on equitable grounds. These arguments are unpersuasive. As a general rule, an insured bears the burden of knowing the terms of original, newly issued insurance policies, such as the 2005-2006 Swagat Policies. See Perry v. Economy Fire & Cas. Co., 724 N.E.2d 151, 152 (Ill.App. 1st Dist. 1999). The fungi/bacteria exclusions in the Swagat Policies are unambiguous and clear. The Court is cognizant of the fact that, "[u]nder Illinois law, '[a]n insurance policy is not to be interpreted in a factual vacuum; it is issued under given factual circumstances. What at first blush might appear unambiguous in the insurance contract might not be such in the factual setting in which the contract was issued.'" Granite State Ins. Co. v. Degerlia, 925 F.2d 189, 192 (7th Cir. 1991) (quoting Glidden v. Farmers Auto. Ins. Ass'n, 312 N.E.2d 247, 250 (1974)). However, one party's unreasonable intent will not provide the basis for finding an ambiguity in an insurance policy. In fact, "the Illinois Supreme Court has held that . . . one party's subjective intent may be rebutted by clear and unambiguous policy language from which it can be readily seen and understood that coverage was limited." Id. at 193 (internal citations and quotations omitted).

In light of these principles, it is clear that Swagat Group is not entitled to equitable relief. A party claiming equitable estoppel must demonstrate, among other elements, that the other party misrepresented or concealed material facts. See Geddes v. Mill Creek County Club, Inc., 751 N.E.2d 1150, 1157 (Ill. 2001). The terms of the Swagat Policies are clear and unambiguous, negating this element. The Court also notes that, after the May 4, 2006, letter expressly brought the fungi/bacteria exclusion to Swagat Group's attention, Swagat continued to purchase policies from Amco with the same coverage and exclusions.

Nor can Swagat Group establish that reformation is appropriate. The instant case is distinguishable from Swan v. Allstate Ins. Co., relied upon by Swagat Group. Swan, 232 N.E.2d 491 (Ill.App. 1st Dist. 1967). In Swan, the Illinois Appellate Court ordered reformation of an automobile insurance policy to include uninsured motorist coverage upon a showing that the insured, who had previously had uninsured motorist coverage from the company, told the insurance agent that he wanted "complete coverage including uninsured motorist coverage," and the agent assured him he would be completely covered. Id. at 495. Swagat's request in the instant case that it receive "full coverage" in the context of commercial liability insurance is

too vague to justify reformation. See, e.g., Furtak v. Moffett, 671 N.E.2d 827, 830 (Ill.App. 1st Dist. 1996) (refusing to enforce an oral promise that a policy would "fully cover" the value of a home and its contents, after finding the term "fully cover" to be "simply too vague").

Braucher and Leiser argue that the reasonable expectations doctrine should apply, negating the exclusionary language. See, e.g., Insurance Co. of North America v. Adkisson, 459 N.E.2d 310 (Ill.App. 3rd Dist. 1984) (considering, but rejecting, the applicability of the doctrine of reasonable expectations). This argument is unpersuasive. In Illinois, the reasonable expectations doctrine may be used as a tool of construction in assessing the intent of the parties when a contract is ambiguous. Smagala, 717 N.E.2d at 497. It is, however, inapplicable to cases, such as the instant one, where the terms of the insurance policy are not ambiguous. Id.

Braucher and Leiser's argument that the Court should interpret the Swagat Policies for their historical purpose, negating the fungi/bacteria exclusion, is similarly unavailing. Braucher and Leiser rely on cases analyzing pollution exclusions and refusing to extend the scope of these exclusions to injuries resulting from everyday activities gone awry, including peeling paint and insulation installation and removal. See, e.g. Pipefitters

Welfare Educational Fund v. Westchester Fire Ins. Co., 976 F.2d 1037, 1043-44 (7th Cir. 1992). However, unlike the broad term "pollution," "bacterium/bacteria" is a scientific classification. MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 85 (10th ed. 1993). Here, there is no question that Legionella bacteria are, indeed, bacteria.

THEREFORE, Plaintiff Amco Insurance Company's Motion for Summary Judgment Based Upon the Fungi or Bacterial Exclusion (d/e 49) is ALLOWED. Summary judgment is entered in favor of Amco Insurance Company against Defendants Swagat Group, LLC, Marjorie Braucher, and Bonnie Leiser. Based on this ruling and on the Opinion (d/e 34), dated February 9, 2009, the Court declares as follows:

1. Amco has no duty or obligation to defend or indemnify Swagat Group LLC, Choice Hotels International, and/or Vasant Patel with respect to the claims set forth by Marjorie Braucher and Bonnie Leiser in Braucher v. Swagat Group, LLC, et al., Cent. Dist. Ill. Case No. 07-3253 and Leiser v. Swagat Group, LLC, et al., Cent. Dist. Ill. Case No. 07-3254.

2. The Defendants to this action and any person or entity claiming through the Defendants are permanently enjoined from claiming any benefit under Policy No. ACP BPM 7101708089 and Policy No. ACP CAA

7101708089 arising out of claims set forth in <u>Braucher v. Swagat Group, LLC, et al.</u>, Cent. Dist. Ill. Case No. 07-3253 and <u>Leiser v. Swagat Group, LLC, et al.</u>, Cent. Dist. Ill. Case No. 07- 3254.

All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   January 20, 2010

      FOR THE COURT:

                                       s/  Jeanne E. Scott
                                JEANNE E. SCOTT
                  UNITED STATES DISTRICT JUDGE